IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE SIMS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 C 3289 |
| | ) |
| OFFICER ANDREW JOSE, OFFICER | ) Wayne R. Andersen |
| JOHN BYRNE, OFFICER AARON | ) District Judge |
| BANDY, OFFICER LISA EMPH, | ) |
| OFFICER PALMER, OFFICER | ) |
| BANAS, and THE CITY OF JOLIET, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motions of Defendants Officer Andrew Jose, Officer John Byrne, Officer Aaron Bandy, Officer Lisa Emph, Officer Douglas Palmer, Officer Thomas Banas and the City of Joliet to dismiss Plaintiff George Sims, Jr.'s Complaint. For the following reasons, the motions are denied.

### BACKGROUND

Plaintiff has filed a Complaint alleging that six City of Joliet police officers violated his civil rights during the course of his arrest on May 2, 2005. Plaintiff alleges that he was arrested on a warrant relating to a traffic stop by Defendants Byrne and Bandy at which time he was handcuffed and placed in Bandy's squad car. Plaintiff further alleges that he was removed from the squad car and further restrained by Defendant Byrne by placing him face down on the pavement, sitting or kneeling on his back, punching him in the ribs resulting in pain, bruises and contusions and lifting him by the handcuffs causing him pain and abrasions.

Plaintiff alleges that he was then placed in another squad car face down while an officer

sat on his back. Plaintiff alleges that, while he was completely immobile, one of the officers struck him over the right eye with a hard object, fracturing his orbital rim. Moreover, while he was completely restrained and unable to move, Plaintiff alleges that one of the officers sprayed mace into his eyes, mouth and nose.

Plaintiff later was charged by the Will County States Attorney with the misdemeanor offenses of resisting arrest, battery and criminal damage to property. On November 17, 2005, a jury found Plaintiff guilty of the charges of Resisting a Peace Officer, Criminal Damage to Property and Battery as a result of this incident.

Plaintiff has filed the instant § 1983 action alleging excessive force, battery and intentional infliction of emotional distress. Plaintiff claims that, at the time he was battered, he was not resisting the officers in any way or trying to commit physical violence against them.

In their motions to dismiss, Defendants argue that the Complaint should be dismissed for two reasons. First, Defendants claim that because Plaintiff was found guilty of resisting a peace officer, criminal damage to property, and battery, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Second, Defendants argue that the Complaint must be dismissed as to the City of Joliet because Plaintiff has not adequately alleged that his alleged deprivation of constitutional rights was caused by a municipal policy or custom in accordance with *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658 (1978).

## DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of the complaint and not to decide the merits of the challenged claims. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524, n.1 (7th Cir. 1996). When reviewing a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.

*Szumny v. Am. Gen. Fin.*, Inc., 246 F.3d 1065, 1067 (7th Cir. 2001). Dismissal is only proper when it appears beyond a doubt that plaintiff can prove no set of facts to support the allegations set forth in the claim that would entitle him to relief. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003).

Defendants first argue that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with, or would undermine, the constitutionality of a conviction or sentence. *Id.* at 486-87. Should success in a civil suit necessarily imply the invalidity of a conviction or sentence, *Heck* requires the potential plaintiff to wait until his conviction is nullified before bringing suit. *Id.*

In this case, we believe that it may be possible for Plaintiff to prevail in his civil rights suit for excessive force in a way that would be consistent with his convictions. Many courts have recognized that a plaintiff's conviction on charges such as battery, resisting arrest or other disorderly conduct does not necessarily preclude a lawsuit under § 1983 for excessive force by the officers. See, e.g., *Jayne v. Kozak*, 10 F. Supp. 2d 1032 (C.D. Ill. 1998); *Crooms v. P.O. Mercado, No. 41*, 955 F. Supp. 985 (N.D. Ill. 1997); *Bemben v. Hunt*, No. 93 C 509, 1995 WL 27223, at *3 (N.D. Ill. Jan. 23, 1995).

In this case, Plaintiff has filed this §1983 action claiming that officers battered him without provocation at a time while he was not resisting officers in any way or trying to commit physical violence against them. According to Plaintiff's version of the events, at the time he was struck in the eye by an officer, he was facedown in the back seat of the squad car, completely restrained with shackled wrists and ankles and had an officer sitting on him. Furthermore, Plaintiff claims that, at the time he was allegedly battered by one or more of the officers, he was

3

not engaged in any of the activities for which he was convicted.

Plaintiff is not seeking to recover damages for an allegedly unconstitutional conviction or imprisonment. He is seeking damages for an alleged battery which fractured his eye socket after he was completely restrained and was unable to resist the officers. The basis for Plaintiff's excessive force claims is that Defendants used excessive force to harm him after he was handcuffed and completely restrained and **after** all of the conduct that led to his being charged with resisting arrest and **prior** to his conduct at the jail which led to the charges of criminal damage to property.

Because we believe that it may be possible for Plaintiff to prevail on his § 1983 claims without invalidating his convictions for resisting a peace officer and criminal damage to property, we deny Defendants' motion to dismiss the Complaint.

Next, the City of Joliet argues that the Complaint should be dismissed against it because Plaintiff has failed to sufficiently allege that the City deprived him of a constitutionally protected right and that the deprivation was caused by a municipal policy or custom in accordance with *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978). We disagree.

In his Complaint, Plaintiff alleges that the alleged violations of Plaintiff's constitutional rights were caused by implementation of policies and practices of the City of Joliet. The Complaint alleges that the City had a duty to train, supervise and discipline Joliet Police Officers. The Complaint further alleges that the alleged deprivation of Plaintiff's rights was caused by the failure of the City to adequately train, supervise and discipline the defendant officers on a continuing basis regarding the use of force and proper arrest procedures.

We find that, at this stage of the litigation, such allegations are sufficient to survive a motion to dismiss. Therefore, we deny Defendants' motion to dismiss Count II of Plaintiff's

Complaint, the *Monell* claims against the City of Joliet.

## CONCLUSION

For the foregoing reasons, we deny the motions of Defendants Officer Andrew Jose, Officer John Byrne, Officer Aaron Bandy, Officer Lisa Emph, Officer Douglas Palmer, Officer Thomas Banas and the City of Joliet to dimiss Plaintiff's Complaint. ( ## 6, 8).

This case is set for status on April 19, 2007 at 9:00 a.m.

It is so ordered.

                                              Wayne R. Andersen
                                              United States District Court

Dated:    **MAR 2 6 2007**